1 Initiating document

2

3 Pro se plaintiff Don Macallister

4 21163 Newport Coast Drive #1010

5 Newport Coast Ca 92657

6 310-924-1303

7 donmacallister8@gmail.com



8:25-CV- 00584 -JVS (JDE x)



8 ————————————————————

9 UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

10 📍 350 West 1st Street, Los Angeles, CA 90012

11 Case No.: [Insert Case Number]

12 Don Macallister, Founder of Vehicle BNB Inc., Pro Se Plaintiff

13 v.

14 Defendants:

15 ● City of Los Angeles

16 ● Los Angeles Homeless Services Authority (LAHSA)

17 ● California Department of Housing & Community Development (HCD)

18 ● Gustavo Velasquez, Director, CA Housing Department

19 ● Los Angeles County Board of Supervisors

20 ● California Governor Gavin Newsom

21 ● U.S. Department of Housing & Urban Development (HUD) – Regional Office

22 ● HUD Secretary Adrianne Todman

23 ————————————————————

# 24 PRO SE COMPLAINT AND DEMAND FOR EMERGENCY
# 25 RELIEF

## 26 I. INTRODUCTION: A CRISIS IGNORED, A DUTY BETRAYED

27 Defendants have willfully ignored, misrepresented, and excluded a faster, safer, lower-cost
28 housing solution—Vehicle BNB Inc.—which could immediately provide shelter to thousands of
29 unhoused individuals, wildfire victims, veterans, and families.

30 While Los Angeles collapses under a homelessness crisis and wildfires leave thousands more
31 without shelter, Defendants have knowingly blocked an immediate, scalable private-sector
32 solution in favor of slow, bloated, billion-dollar projects that have failed for decades.

33 Plaintiff Don Macallister, Founder of Vehicle BNB Inc., brings this lawsuit to hold public officials
34 accountable for:
35 ✅ Their failure to act in good faith
36 ✅ Their exclusion of superior private-sector solutions
37 ✅ The financial harm inflicted on taxpayers due to their refusal to evaluate proven alternatives

## 38 II. THE CORE LEGAL QUESTIONS BEFORE THE COURT

39 This case presents a critical legal question:

40 1. Do Defendants have a legal duty to fairly evaluate all viable, proven solutions—including
41    private-sector alternatives like Vehicle BNB—on an equal basis with government-backed
42    programs?
43 2. Does the refusal to consider a viable solution constitute gross negligence and breach of
44    duty?
45 3. Should taxpayer dollars continue funding projects that cost up to $837K per unit while
46    Vehicle BNB offers emergency housing for a fraction of the cost—deployed within 30
47    days?

48 🚨 Thousands of lives hang in the balance. The Court must answer.

49 _____

## 50 III. JURISDICTION & VENUE

51 Jurisdiction is proper under 28 U.S.C. § 1331, as this case raises federal questions regarding
52 the misallocation of federal housing funds.
53 Venue is appropriate in the Central District of California, where this crisis is unfolding.

54 _____

# 55 IV. FACTUAL ALLEGATIONS

## 56 1. Plaintiff's Background & Expertise

57 • Founder & CEO of Vehicle BNB Inc.
58 • U.S. Congressional Tribute Honoree
59 • Lived Experience Overcoming Homelessness → Now leading a proven, scalable
60   housing solution

61 2. The Urgent Crisis Defendants Are Ignoring

62 🪦 California's homeless population has surpassed 200,000 despite record taxpayer spending
63 🪦 Wildfires have left thousands newly homeless
64 🪦 Los Angeles' $3B homelessness settlement has collapsed
65 🪦 The Supreme Court has ruled cities must clear encampments
66 🪦 Yet Defendants are blocking an immediate, lower-cost solution—leaving people to suffer

67 3. Vehicle BNB: The Immediate Solution Officials Are Blocking

68 Vehicle BNB deploys climate-controlled Tesla Model 3 units as dignified emergency housing
69 with:
70 ✔ WiFi, showers, restrooms
71 ✔ Rapid deployment—ready within 30 days
72 ✔ Tracked success metrics: Cost per guest per night, number housed per night
73 ✔ A fraction of the cost of failed government projects

74 4. The Numbers Don't Lie: Cost Per Guest, Per Night

| Model | Cost Per Night (Per Person) | Total Monthly Cost (100 Guests) | Upfront Cost | Deployment Time |
|---|---|---|---|---|
| Vehicle BNB (Tesla Units) | $83.33 | $250,000 | $25,000 | 30 Days |
| Traditional Housing (100 Units) | $141.67 | $425,000 | $50M ($500K per unit) | 5+ Years |

75 🪦 Vehicle BNB is ready NOW.
76 🪦 Defendants' plan takes 5+ years.
77 🪦 Every day of inaction = more suffering, more waste.

78 ───────────────────────────────────────────

79 V. DEFENDANTS' BREACH OF DUTY & PUBLIC MISMANAGEMENT

80 Despite their public commitment to solving homelessness, Defendants have:
81 ✖ Refused to engage with private-sector alternatives like Vehicle BNB
82 ✖ Continued funding bloated government projects costing up to $837K per unit
83 ✖ Ignored wildfire victims and left families on the streets

84 🪦 State auditors found that California has failed to track the effectiveness of billions in
85 homeless funding. This further supports the claim that Defendants are mismanaging public
86 resources and excluding more effective solutions.

87 ————————————————————————————————————

## VI. PLAINTIFF'S REPEATED ATTEMPTS TO ENGAGE OFFICIALS

Sept. 13, 2024 – Filed Friend of the Court Brief → Ignored.

Sept. 20, 2024 – Contacted CA Attorney General Rob Bonta → No response.

Sept. 29, 2024 – Contacted State Housing Director Gustavo Velasquez → No follow-up.

Oct. 12, 2024 – Proposal to LA County Supervisor Lindsey Horvath → Ignored.

Sept. 9, 2024 – Spoke with Matthew Umhofer, lead attorney for LA Alliance →
Acknowledged, but stalled.

⚠ This is not negligence—it is a deliberate blockade.

96 ————————————————————————————————————

## VII. CAUSES OF ACTION

Count 1: Violation of Duty & Misrepresentation

Defendants falsely portray slow, expensive projects as the only solution while ignoring faster,
lower-cost alternatives like Vehicle BNB.

Count 2: Gross Negligence & Financial Harm to Taxpayers

By refusing to consider a proven, cost-effective alternative, Defendants' actions have directly
cost taxpayers billions while leaving vulnerable populations without shelter.

Count 3: Equal Protection Violation (14th Amendment)

By excluding private-sector solutions and favoring government-backed projects, Defendants
have arbitrarily denied equal opportunity to innovative alternatives.

107 ————————————————————————————————————

## VIII. RELIEF SOUGHT

⚠ Plaintiff demands:

1 Public Disclosure & Evaluation of Vehicle BNB as an equal alternative to traditional housing.

2 A court-ordered injunction requiring Los Angeles to evaluate and pilot Vehicle BNB
immediately.

3 $2 Billion in Damages:

◆ $1B for blocking Vehicle BNB from entering the market

◆ $1B for financial harm to taxpayers due to failed government policies

4 A Federal Audit of all homelessness funds spent in California since 2020.

117 ————————————————————————————————————

## 118 IX. CONCLUSION: THE COURT MUST ACT

119 🪦 Wildfire victims are sleeping on sidewalks.

120 🪦 Veterans remain in encampments.

121 🪦 Taxpayers foot the bill for wasteful, ineffective projects.

122 📢 Vehicle BNB could be housing thousands RIGHT NOW—but officials refuse to act.

123 The Court must intervene and hold Defendants accountable before more lives are lost.

124 Dated: [Insert Date] March 20th, 2025

125 Respectfully submitted,

126 Don Macallister, Pro Se Plaintiff

127 📍 Founder & CEO, Vehicle BNB Inc.

128 📞 310-924-1303 | 🌐 VehBnb.com

129



Don MacAllister
21163 Newport Coast Drive #1010
Newport Coast Ca 92657

Civil Intake Clerk
US District Court, Central District
350 West 1st Street
Los Angeles. CA  90012





RECEIVED
CLERK, U.S. DISTRICT COURT

MAR 24 2025

CENTRAL DISTRICT OF CALIFORNIA
BY